## Case No. 541.

### ARMSTRONG v. BEADLE et al.

[5 Sawy. 484;¹ 8 Reporter, 36.]

Circuit Court, D. California. May 12, 1879.

DEATH BY WRONGFUL ACT — EXTRA-TERRITORIAL EFFECT OF STATUTE—DEATH ON THE HIGH SEAS —RIGHT OF ACTION.

1. The statute of California giving a right of action for negligence, resulting in death, has no extra-territorial operation.

[Cited in The Harrisburg, 119 U. S. 209, 7 Sup. Ct. 144.]

[See Crapo v. Allen, Case No. 3,360.]

[See note at end of case.]

2. Death, resulting from negligence, on the high seas is not within the statute.

3. The statute gives a new right of action, not merely a remedy for an existing right.

[See note at end of case.]

[In admiralty. Heard on demurrer to answer. Demurrer overruled.]

T. P. Ryan, for plaintiff.
Andros & Page, for defendants.

SAWYER, Circuit Judge. The complaint alleges that the plaintiff and his wife took passage upon the steamer Eastport, owned by the defendants, at Empire City, in the state of Oregon, for San Francisco, in the state of California; that on the voyage the steamer, near Point Arena, struck a rock and settled down in the water and became immovable; that plaintiff's wife afterwards entered a surf boat, by direction of the master, whereupon one end of the boat fell suddenly into the sea, in consequence of the negligence of those in charge, and plaintiff's wife was precipitated into the sea and drowned. The action is brought under section 377 of the Code of Civil Procedure, for damages sustained by the loss of the wife. The provision is, that "When the death of a

¹[Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

person is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death." The answer admits the principal facts; but alleges, that while said steamship was proceeding on her voyage, and on the high seas, the said steamship was, by the perils and accidents of the seas, forced and cast upon a rock, whereby the ship and cargo became a total loss, and the death of plaintiff's wife thereby occurred without the privity or knowledge of defendant. Other facts were alleged, designed to bring the case within the provisions of section 4283 of the revised statutes of the United States. The plaintiff demurs to this answer, on the ground that it does not state facts sufficient to constitute a defense.

The first point presented is, that the statute has no extra-territorial operation, and is limited to accidents occurring within the territorial jurisdiction of the state; and as the death occurred upon the high seas, beyond the legislative jurisdiction of the state, the statute is inapplicable. There was no liability at common law for the death of a party, resulting under circumstances like those set out in the complaint; and unless the statute in question gives the right of action, the plaintiff cannot recover. The statute, undoubtedly, creates a new right of action, and does not merely give a remedy for a right already existing. If it operates beyond the territorial jurisdiction of the state, then it becomes a universal law, applicable to all countries, and the legislature of California would be adopting a code of laws affecting the rights of parties arising out of acts done wholly in foreign countries as well as upon the high seas. If California can pass laws of the kind, operating extra-territorially, then other states and countries can pass laws upon the same subject operating upon the high seas, and these laws may be in conflict; but there is nothing in the statute to indicate that it was intended to operate beyond the limits of the state. After giving a synopsis of the statutes of the several states which have legislated on the subject, Shearman and Redfield, in their work on Negligence, state the rule, as to their effect, as follows: "The operation of these statutes is limited to the territory of the states which have enacted them. No action can be maintained upon one of these statutes, if the deceased person received the fatal injury at a place not within the limits of the state by which such statute was enacted, whether such place be in another state, or upon the high seas." Section 296. The rule as stated is fully sustained, both by reason and the authorities. Whitford v. Panama R. Co., 23 N. Y. 465; Mahler v. Norwich & N. Y. Transp. Co., 35 N. Y. 352; Needham v. Grand Trunk R. Co., 38 Vt. 295; Selma R. & D. R. Co. v. Lacy, 43 Ga. 461, 49 Ga. 107; Woodward v. Michigan S. & N. I. R. Co.,

10 Ohio St. 122. In the latter case, where the death resulted from negligence in Illinois, the statute of which state gave a right of action for the death to the administrator, the court go so far as to hold that the statute of Illinois can have no operation in Ohio, and that the action, though maintainable in Illinois, cannot be maintained in the state of Ohio. So, in Massachusetts, it is held that the action upon the statute cannot be maintained outside of the state enacting it. In this case, it appears both from the complaint and answer, that the negligence complained of, and the death occurred upon the high seas, outside of the territorial jurisdiction of the state. It is, therefore, not within the operation of the statute.

There was a total loss of vessel and cargo, except as to three hundred dollars, for which the wreck was sold by the underwriters after abandonment, and whatever insurance money was due. This case is, undoubtedly, within the provisions of section 4283 of the Revised Statutes of the United States, limiting the liability of owners of vessels, as it was engaged in inter-state and foreign commerce. Lord v. Goodall, Nelson & Perkins S. S. Co., [Case No. 8,506.] But, as it is held that the case is not within the statute, and there is no liability at all, it is unnecessary to consider the other points, as to whether there can be a recovery to the extent of the insurance money, or the three hundred dollars for which the wreck sold. Demurrer overruled.

[NOTE. In a number of cases, courts of admiralty have followed the rule of the civil law that civil actions do not die with the person, and have permitted the recovery of damages for wrongful death by libel in rem or in personam. Cutting v. Seabury, Case No. 3,521; The Charles Morgan, Id. 2,618; The Sea Gull, Id. 12,578; Holmes v. Oregon & C. Ry. Co., 5 Fed. 75; The Towanda, Case No. 14,109; The City of Brussels, Id. 2,745. This doctrine was subsequently overruled by the supreme court in The Harrisburg, 119 U. S. 209, 7 Sup. Ct. 144. Mr. Chief Justice Waite, in delivering the opinion of the court, reviewed the authorities, both English and American, and said: "We know of no country that has adopted a different rule on this subject for the sea from that which it maintains on the land; and the maritime law, as accepted and received by maritime nations generally, leaves the matter untouched. It is not mentioned in the laws of Oleron, of Wisbuy, or of the Hanse Towns, (1 Pet. Adm. Append.;) nor in the Marine Ordinance of Louis XIV., (2 Pet. Adm. Append.;) and the understanding of the leading text writers in this country has been that no such action will lie in the absence of a statute giving a remedy at law for the wrong. Ben. Adm. (2d Ed.) § 309; 2 Pars. Shipp. & Adm. 350; Henry, Adm. Jur. & Proc. 74. The argument everywhere in support of such suits in admiralty has been, not that the maritime law, as actually administered in common-law countries, is different from the common law in this particular, but that the common law is not founded on good reason, and is contrary to 'natural equity and the general principles of law.' Since, however, it is now established that in the courts of the United States no action at law can be maintained for such a wrong in the absence of a statute giving the right, and it has not been shown that the maritime law, as accepted and received by maritime nations generally, has established a different rule for the government of the courts of admiralty from those which govern courts of law in matters of this kind, we are forced to the conclusion that no such action will lie in the courts of the United States under the general maritime law. The rights of persons in this particular, under the maritime law of this country, are not different from those under the common law; and, as it is the duty of courts to declare the law, not to make it, we cannot change this rule."]