POWERS v. CUNARD S. S. CO., Limited, and four other cases.

District Court, S. D. New York.   May 22, 1925.

Silas B. Axtell, of New York City, for plaintiff.

Lord, Day & Lord, Allan B. A. Bradley, and Sherman Baldwin, all of New York City, for defendant.

BONDY, District Judge. Lord Campbell's Act gives·to the legal representatives of a person killed or drowned in a collision on the high seas, due to the carelessness of those in charge of an English ship, a right of action against the English owner of the English ship. See The Berwina, 12 Prob. Div. 58, affirmed by the House of Lords, 13 App. Cas. 1. It gives the right, not only to British subjects, but also to legal representatives of a deceased foreigner aboard a foreign ship, drowned as a result of collision of the foreign ship with an English ship. Davidson v. Hill, 2 K. B. 606.

There is not any reason why any court in the United States should not give to Americans the relief against a British owner of a British ship which the courts of England themselves give Americans. See The James McGee (D. C.) 300 F. 93, 96.

The Act of Congress of March 30, 1920, entitled "Death on High Seas by Wrongful Act," 41 Stat. 537 (46 USCA §§ 761–768), was enacted to give to the personal representatives of a person whose death was caused by wrongful act or neglect on the high seas a right to maintain a suit for damages in admiralty, in addition to and not in place of any other right which such representatives may have had. There is nothing in the act itself to indicate that it was the intention of Congress to exclude all other remedies theretofore existing. The act itself provides that, whenever a right of action is granted by the law of any foreign state on account of death by wrongful act or neglect occurring upon the high seas, such right may be maintained in an action in admiralty in the courts of the United States. This act confers jurisdiction on the admiralty courts without affecting the jurisdiction of any other court.

In The Windrush, 5 F.(2d) 425, 1925 A. M. C. 150, the Circuit Court of Appeals held that, where lives were lost in a collision between an American bark and a Spanish steamer on the high seas, an American admiralty court obtains jurisdiction in rem over the steamer under the American Federal Death Act, and not under the Spanish law, which does not authorize a libel in rem, nor a suit by the legal representatives of the deceased, but only a suit in personam by the heirs and relatives who suffered damage. In The Windrush, the court was considering the liability of a Spanish ship under the Federal Death Act, and not the liability of a Spanish ship or its Spanish owners under the law of Spain. This authority, therefore, is not conclusive as urged by the defendant.

The motions to dismiss the complaint in this and four other suits, therefore, are denied.