LEO DiTOMASSO, Individually, as a Stockholder, as a Director, as a Voting Trustee, under Voting Trust Agreement Affecting the Stock of PARAMOUNT ICE CORPORATION, on Behalf of Himself and All Others Similarly Situated and on Behalf of PARAMOUNT ICE CORPORATION, Plaintiff, v. VITO LOVERRO and Others, Defendants. JACOB KRISEL, as Attorney, Appellant; PARAMOUNT ICE CORPORATION, Respondent.— In a representative action by a stockholder and director and voting trustee, order denying plaintiff's motion to fix the compensation payable to plaintiff's attorney and to direct one of the corporate defendants to pay the same, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ., concur.

WILLIAM V. ELLIOTT, Public Administrator, as Successor Administrator, etc., of MICHAEL ELLARD, Deceased, Appellant, v. OTTO STEINFELDT and Another, Defendants, and MARINE BASIN COMPANY, Respondent.— Order and judgment dismissing, as to defendant Marine Basin Company, the first and third causes of action contained in the second amended complaint reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the said defendant to serve an answer within ten days from the entry of the order hereon. In the opinion of this court the State court has jurisdiction of the subject-matter of the action. The Federal Death on the High Seas Act (U. S. Code, tit. 46, §§ 761–768) supersedes the State Death Statute in so far as it creates and defines substantive rights arising out of wrongful death on the high seas. ( Knickerbocker Ice Co. v. Stewart, 253 U. S. 149; Lindgren v. United States, 281 id. 38.) But the right to maintain the action in the State courts, which had long existed under the Judiciary Act of 1789 and sections 24 and 256 of the Judicial Code (U. S. Code, tit. 28, §§ 41, 371) was not necessarily affected by the Federal statute. Concurrent jurisdiction in Federal and State courts to enforce rights granted by Federal law is not uncommon (Second Employers' Liability Cases, 223 U. S. 1), and may exist even without express grant. (Panama R. R. v. Vasquez, 271 id. 557.) Where the State courts have long enjoyed jurisdiction over the subject-matter of an action, jurisdiction is not withdrawn by Federal statute unless such an intention is distinctly manifested. (Patrone v. Howlett, 237 N. Y. 394; People v. Welch, 141 id. 266; Tammis v. Panama Railroad Co., 202 App. Div. 226.) No such intent is discernible here. Section 1 of the Federal act (U. S. Code, tit. 46, § 761) grants jurisdiction to the Federal district courts in admiralty, but does not purport to withdraw jurisdiction from any other court. Section 7 (U. S. Code, tit. 46, § 767) is intended, as we view it, to protect the right of State courts to entertain actions founded on the Federal act. Echavarria v. Atlantic & Caribbean Steam Nav. Co. (10 F. Supp. 677) holds nothing contrary to what is decided here. That case held only that the Federal act supersedes State death statutes with respect to the substantive rights of the parties; there was no question in the case as to the forum in which an action under the Federal statute may be brought. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur. [See post, p. 769.]