## BATKIEWICZ v. SEAS SHIPPING CO., Inc.

District Court, S. D. New York.

Sept. 24, 1943.

Paul C. Matthews, of New York City (Archibald F. McGrath, of New York City, of counsel), for plaintiff.

Frank V. Barns, of New York City, for defendant.

HULBERT, District Judge.

This civil action was brought to recover damages resulting from the alleged death of a seaman who, in May 1941 sailed from New York as a member of the crew of the S/S Robin Moor which, on or about May 21, 1941, was torpedoed and sunk.

Plaintiff's alleged intestate spent 12 or 13 days in an open lifeboat, was then picked up by an English vessel and taken to Cape Town, South Africa, from whence he sailed on June 28, 1941, as a passenger on board the S/S Robin Locksley.

It is alleged that by reason of his experience, at the time the ship, in whose service he was engaged, was torpedoed, and thereafter, his mind became unbalanced and that, through the negligence of the Master of the Robin Locksley, he disappeared during the night of June 29 or the early morning of June 30, under such circumstances that plaintiff presumes that he was lost overboard.

Plaintiff, the mother of the seaman, and ten other children, filed her bill of complaint in this court on September 10, 1941, and issue was joined on November 12, 1941, by the service of the defendant's answer, in which it admits operation and employment of the plaintiff's alleged intestate at the time of and prior to the torpedoing of the Robin Moor and the operation, and transportation of the plaintiff's intestate as a passenger, on the Robin Locksley.

In her complaint, plaintiff states: "Eleventh: Plaintiff elects to maintain this action under the provision of Section 33 of the Merchant Seamen's Act of June 5, 1920, c. 250, 41 Stat. 1007, otherwise known as the Jones Act."

The depositions of some witnesses were taken at the instance of the plaintiff. On May 8, 1942, the defendant sought to remove the case from the calendar by reason of its inability to secure the testimony of various members of the crew who had since engaged in the pursuit of their respective employments on other vessels and their whereabouts were uncertain or unknown.

Five successive postponements were had at the instance of the defendant, for similar reasons.

In June 1943 plaintiff's attorney joined in a request to adjourn the case until the October 1943 Term because a doubt had arisen in his mind in the meantime whether the Jones Act or the Death on the High Seas Act is applicable and he desired to

bring on this motion for an order amending paragraph Eleventh of the complaint to read as follows: "Eleventh: Plaintiff elects to maintain this action under the provision of Section 33 of the Merchant Seamen's Act of June 5, 1920, c. 250, 41 Stat. 1007, otherwise known as the Jones Act, or under the Death on the High Seas Act of March 30, 1920, c. 111, 41 Stat. 537, or under the statute appropriate to the facts as outlined in this case," and permitting the plaintiff, in the event the requested amendment is allowed, to proceed at common law under the Death on the High Seas Act, and in the event the requested amendment is not allowed, to use the depositions and testimony already taken in this case in a suit between the same parties commenced on the admiralty side of this Court (index number Ad. 127—294/1943).

The statute, commonly known as Death on the High Seas Act of March 30, 1920, provides as follows: "Section 761. Right of action; where and by whom brought. Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relatives against the vessel, person, or corporation which would have been liable if death had not ensued. (Mar. 30, 1920, c. 111, § 1, 41 Stat. 537)" 46 U.S.C.A. § 761.

Both the Jones Act (Section 688) and the Death on the High Seas Act (Section 761) 46 U.S.C.A., authorize the maintenance of an action by the personal representative of the deceased seaman. The Jones Act states the qualification "for damages at law, with the right of trial by jury", whereas the Death on the High Seas Act contains the language "may maintain a suit for damages in the district courts of the United States, in admiralty."

The defendant contends:

1. That by this motion the plaintiff attempts to set up a new cause of action of which only a court of admiralty has jurisdiction.

2. Since it is claimed that plaintiff's alleged intestate lost his life on or about June 30, 1941, the cause of action is barred by the statutory two year limitation. 46 U.S. C.A. § 763.

The first question thus presented is whether any claim which the plaintiff may have under the Death on the High Seas Act is barred.

Plaintiff is seeking to amend her complaint only to the extent of basing her claim upon an additional statutory provision. It is not a new suit upon other facts, but merely presents to the trial court for consideration and determination whether, upon the same facts, she has a cause of action under the Death on the High Seas Act, as well as the Jones Act, either, or both.

While it is true that she has elected to proceed under the Jones Act, it would seem that election related only to a choice on her part to seek a trial by jury with the benefit of applicability of all statutes of the United States conferring or regulating the right of action for death in the case of railway employees, or to have proceeded in admiralty, without such benefit.

The Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provide:

"Rule 8(e) (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

"(2) A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both * * *.

"(f) All pleadings shall be so construed as to do substantial justice."

The remaining question is whether the plaintiff may couple the cause of action under Death on the High Seas Act, which the respondent contends may only be maintained in admiralty, with an action under the Jones Act.

In Dall v. Cosulich, D.C.N.Y., 1936,[1] the administrator of a fisherman sued an

---

[1] No opinion for publication.

Italian vessel to recover damages resulting from the death of her intestate, four miles off Cape Cod. It was alleged that under the laws of Italy Death on the High Seas gives rise to a cause of action, but the law of Italy was not set out. It was further alleged that the United States Death on the High Seas Act was applicable, but Mack, C. J. (sitting as district judge) held that such damages were recoverable under the Act only in admiralty and since the instant action was at common law it could not be maintained.

In Powers v. Cunard S. S. Co., D.C.N. Y., 32 F.2d 720, in which an administratrix brought an action under the United States "Death by Wrongful Act on High Seas" to enforce a right of action conferred by the British statute, Bondy, J., in denying motions to dismiss the complaint, said: "The act itself provides that, whenever a right of action is granted by the law of any foreign state on account of death by wrongful act or neglect occurring upon the high seas, such right may be maintained in an action in admiralty in the courts of the United States. This act confers jurisdiction on the admiralty courts without affecting the jurisdiction of any other court."

■ The Death on the High Seas Act has superseded State statutes of similar import but has not prevented State courts from entertaining actions at common law under the Act.

In The Juneal (Elliott v. Steinfeldt et al.), 254 App.Div. 739, 4 N.Y.S.2d 9, the Appellate Division, Second Department of the New York Supreme Court, held that an action under the Federal "Death on the High Seas" Act may be maintained at common law, in that court. In a recent case in this court, Choy, Administrator, v. Pan American Railways, [1] 1941, it was held that a Federal Court on the civil side may entertain a complaint for wrongful death under the statute in question. My colleague, Judge Clancy, said: "The language in the Jones Act, conferring jurisdiction on the district court, where the defendant resided or was located, was certainly as distinct as a basis for an argument of sole jurisdiction but it presented no difficulties to the Supreme Court. Panama R. Co. v. Johnson, 264 U.S. 375 [44 S.Ct. 391, 68 L.Ed. 748], 1924 A.M.C. 551. While that case presented the converse of the problem before us, much of its argument is apropos here. The Jones Act gives sea-men a right to recover for wrongful death. It, and the Death on the High Seas Act, were enacted by the same Congress and it would appear to be anomalous to hold that seamen had a common law action for death and other victims of injuries on the same ship had not."

■ The right of a seaman, anciently imposed upon a ship owner for the health and security of sailors, was long thought to be enforceable only in courts of Admiralty, but today such cause of action is set up and tried in nearly every suit under the Jones Act.

■ It is, therefore, my conclusion that the plaintiff should have her day in court to present whatever facts may be properly adduced in support of her cause of action in order to establish her right of recovery under the Jones Act or the Death on the High Seas Act, if, upon the facts, the trial court determines either or both said Acts are applicable. Settle order.

---

[1] No opinion for publication.