SIERRA et al. v. PAN AMERICAN WORLD
AIRWAYS, Inc.

CUEVAS DE PECUNIA et al. v. PAN
AMERICAN WORLD AIRWAYS,
Inc.

PEREIRA et al. v. PAN AMERICAN
WORLD AIRWAYS, Inc.

Civ. 6578, 6634, 6826.

United States District Court
D. Puerto Rico, San Juan Division.

Aug. 22, 1952.

Jose J. Santiago, Cayey, Puerto Rico, Cesar Andreu Ribas, San Juan, Puerto Rico, for plaintiffs.

Charles R. Hartzell, San Juan, Puerto Rico, for defendant.

RUIZ–NAZARIO, District Judge.

Defendant has filed speaking motions asking that the present actions be dismissed claiming that these are governed by the "Death on the High Seas Act" 1920, 46 U.S.C.A. § 761 et seq., and exclusively fall within the Admiralty jurisdiction of this court, and that, as the allegations of the complaints herein do not conform with Rule 22 of the Admiralty Rules, 28 U.S.C.A., these fail to state a cause of action upon which relief can be granted.

It has also filed, separate motions to dismiss, for lack of jurisdiction. In support thereof, defendant argued, at the hearing thereon, that inasmuch as said actions are exclusively cognizable in admiralty and the complaints, herein, fail to conform to the admiralty jurisdiction of the court, and merely allege facts supporting civil claims cognizable in the law side of the court, jurisdiction thereof must be declined.

It appears from the statement under oath signed by Glen B. Lawrence, attached as Exhibit "A" to defendant's speaking motions, that the accident, and the deaths for which damages are claimed in these actions, occurred not less than four geographical miles, or beyond one marine league, from the nearest point ashore in the Commonwealth of Puerto Rico. In the complaints in two of these actions, Civil Nos. 6634 and 6826, it is alleged that said accident and deaths occurred "about five miles North of El Morro Fortress at San Juan, Puerto Rico". Although in the complaint in Civil No. 6578, it is alleged that said occurrence took place "on the Atlantic Ocean three miles from the North Coast of Puerto Rico", plaintiff in this last action has filed no objection to defendant's motion, nor any counter affidavit in refutation of the sworn statement made in Exhibit "A", attached thereto, to the effect that the place where said accident occurred was not at the distance from shore set out in said statement.

The Court, therefore, finds that from the pleadings and exhibits filed in these actions, it appears that the accidents to which said

actions refer, as well as the deaths for which damages are claimed thereunder, took place beyond one marine league from the nearest point ashore in the Commonwealth of Puerto Rico, and that the *substantive* rights and liabilities of the parties in connection with any claim for damages arrived therefrom are governed by the "Death on the High Seas Act", 46 U.S.C.A. 761. Choy, Administrator v. Pan American Airways Co., 1941 AMC 483, U.S.Dist.Ct. S.D. New York (Unreported); Wyman v. Pan American Airways Inc., 1943, 181 Misc. 963, 43 N.Y.S.2d 420, 423, affirmed in 267 App.Div. 947, 48 N.Y.S.2d 459, motion for leave to appeal denied in 267 App.Div. 983, 49 N.Y.S.2d 271, certiorari denied in 324 U.S. 882, 65 S.Ct. 1029, 89 L.Ed. 1432. Lacey v. L. W. Wiggins Airways, D.C.Mass. 1951, 95 F.Supp. 916.

The court, however, disagrees with defendant's claim that said *substantive* rights and liabilities can only be enforced by the remedy in admiralty provided for in said section, regardless of whatever other civil or common law *remedy* the aggrieved party may have under federal or local law.

Section 7 of the statute, 46 U.S.C.A. § 767 is at odds with such assertion.

The statute has been construed as giving a remedy in admiralty in addition to and not in place of any other remedy that claimants may have, and as not indicating that it was the intention of Congress to exclude all other remedies theretofore existing.

See: Powers v. Cunard S. S. Co. Ltd., D.C.S.D.N.Y., 32 F.2d 720, Headnote 2. Benedict on Admiralty, 6th Ed. Vol. 1, Sec. 142, p. 382, and 1952 Supp. p. 94, n. 8. Choy v. Pan American Airways Company, supra. Wyman v. Pan American Airways Inc., supra. Bugden v. Trawler Cambridge 1946, 319 Mass. 315, 65 N.E.2d 533.

It has been further held, that the act "has not prevented state courts from entertaining actions at common law under the act."

Batkiewicz v. Seas Shipping Co. Inc., D. C.S.D.N.Y., 53 F.Supp. 802, 804, where the court further said:

"In The Juneal (Elliott **v.** Steinfeldt), 254 App.Div. 739, 4 N.Y.S.2d 9, the Appellate Division, Second Depart-

ment of the New York Supreme Court, held that an action under the Federal 'Death on the High Seas' Act may be maintained at common law, in that court. In a recent case in this court, Choy, Administrator, v. Pan American Railways, 1941, it was held that a Federal Court on the civil side may entertain a complaint for wrongful death under the statute in question. My colleague, Judge Clancy, said: 'The language in the Jones Act [46 U.S.C.A. § 688], conferring jurisdiction on the district court, where the defendant resided or was located, was certainly as distinct as a basis for an argument of sole jurisdiction but it presented no difficulties to the Supreme Court. Panama R. Co. v. Johnson, 264 U.S. 375 (44 S.Ct. 391, 68 L.Ed. 748), 1924 A.M.C. 551. While that case presented the converse of the problem before us, much of its argument is apropos here. The Jones Act gives seamen a right to recover for wrongful death. It, and the Death on the High Seas Act, were enacted by the same Congress and it would appear to be anomalous to hold that seamen had a common law action for death and other victims of injuries on the same ship had not.'

\* \* \* \* \* \*

"(4) It is, therefore, my conclusion that the plaintiff should have her day in court to present whatever facts may be properly adduced in support of her cause of action in order to establish her right of recovery under the Jones Act or the Death on the High Seas Act, if, upon the facts, the trial court determines either or both said Acts are applicable. Settle order."

The local laws of the Commonwealth of Puerto Rico give and regulate rights of action and remedies for death in cases of this nature.

See: Sections 60 and 61 of the P.R.Code of Civil Procedure, 1933 Ed. as constantly construed by the Supreme Court of Puerto Rico and presently comprised in Rule 17(j) and (k) of the Rules of Civil Procedure for the Courts of Puerto Rico.

Under the decisions hereinbefore cited, plaintiffs could have pursued, in the local courts of Puerto Rico, the remedies granted them by said local laws, to enforce the *substantive* rights which these afford, to the extent that said substantive rights, and defendant's corresponding liabilities, conform to those afforded by the federal statute, 46 U.S.C.A. § 761, and subject in every respect to the limitations prevailing thereunder.

Had plaintiffs pursued their claims before the local courts, defendant could have removed the cases to this court invoking this court's jurisdiction on the basis of diversity of citizenship and jurisdictional amount, and on no other ground whatsoever.

By filing their claims originally in this court, invoking its jurisdiction on the basis of diversity of citizenship and jurisdictional amount, and on no other ground whatsoever, all that plaintiffs did was to avoid the delay and expense of imminent removal proceedings, without changing their position from what it would have been if the original filing had taken place in the local courts.

They have, therefore, the right to pursue, here, the civil remedies they could have pursued in the local courts to claim said substantive rights, and enforce defendant's corresponding liabilities, within such limitations as are imposed by the federal statute.

It appears to be the rule of decision, that the *substantive rights,* and corresponding liabilities of the parties are, no doubt, exclusively governed by the federal statute, 46 U.S.C.A. § 761, as the law of the locus of the accident, i. e., the high seas, but that said federal statute, in its *remedial* feature, does not exclude the use of any other applicable *remedial* statutes, federal or local, available to claimants for enforcing said substantive rights but is rather additional thereto.

Defendant's right to plead whatever limitations are in order, to keep its liabilities and plaintiff's corresponding rights hereunder within the bounds of the federal statute, as well as plaintiffs' right to amend their pleadings to conform thereto, are hereby expressly reserved.

Defendant's motions to dismiss for insufficiency of facts and lack of jurisdiction are, therefore, hereby denied.