**Wallace HIGA, Administrator of the Estate of Takeichi Higa, deceased, Plaintiff,**

v.

**TRANSOCEAN AIRLINES, a California Corporation, Defendant.**

**Civ. No. 1358.**

United States District Court
D. Hawaii.

Oct. 1, 1954.

Shiro Kashiwa, Honolulu, Hawaii, for plaintiff.

Pratt, Tavares & Cassidy, Roy A. Vitousek, Jr., Honolulu, Hawaii, for defendant.

WIIG, District Judge.

The facts pertinent to the determination of this motion are as follows: On July 11, 1953, one Takeichi Higa, a resident of Hawaii, was a paid passenger on a plane owned by defendant Transocean Airlines, a California corporation. While en route to the Territory of Hawaii from Wake Island, the plane crashed into the sea some three hundred to four hundred miles east of Wake Island. Takeichi Higa was among those killed in the crash. Thereafter, inasmuch as there were the requisite diversity of citizenship and jurisdictional amount, plaintiff, administrator of the estate of deceased, filed this action at law under 28 U.S.C.A. § 1332. Defendant filed a motion to dismiss on the ground that, under the Death on the High Seas Act, 46 U.S.C.A. §§ 761–767, the court has no jurisdiction of this action at law but only in admiralty. This is the motion presently before the court.

Any remedy for a maritime wrongful death must be statutory in origin, as the common law recognizes no civil action in such a situation. The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358.

Section 1 of the Death on the High Seas Act, 46 U.S.C.A. § 761, provides as follows:

"Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league

from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued."

and 28 U.S.C.A. § 1333 provides that the district courts shall have original jurisdiction of:

"(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

Plaintiff relies on the diversity clause as a procedural device for his action at law and bases his substantive rights upon the Death on the High Seas Act, citing, among others, Sierra v. Pan American World Airways, Inc., D.C. Puerto Rico, 107 F.Supp. 519 and Elliot v. Steinfeldt, 254 App.Div. 739, 4 N.Y.S. 2d 9. The question is presented whether an action based on 46 U.S.C.A. § 761 must be brought in admiralty exclusively.

In Wilson v. Transocean Airlines, D.C.N.D.Cal., 121 F.Supp. 85, 98, an action arising out of the same airplane disaster, plaintiff's action filed in the Superior Court of the State of California was removed to the district court under 28 U.S.C.A. § 1441. Plaintiff moved to remand the case to the state court, and defendant moved to dismiss the complaint upon the ground that the sole right of action for the death of plaintiff's husband was afforded by the Death on the High Seas Act. Following a careful and thorough analysis of the statutes and cases relating to actions for wrongful death at sea, the court held:

" * * * that the sole right of action for the death of plaintiff's husband is that granted by the Death on the High Seas Act, and that this right must be maintained in admiralty. Since the Superior Court of California had no jurisdiction to entertain the suit at law for the death of plaintiff's husband, this court could not acquire jurisdiction by removal. The action must therefore be dismissed without prejudice to the filing of an action in admiralty by the decedent's personal representative."

Plaintiff urges that this ruling is incorrect because it is against the weight of authority on the question.

All of the cases cited by plaintiff as representing the majority view were reviewed by Judge Goodman in Wilson, supra, 121 F.Supp. at pages 95–98, after which he states:

"This brief résumé of the decisions asserted to support the view that the right of action given by the Death on the High Seas Act may be maintained at law demonstrates that only the five decisions in the state courts of New York and three of the federal decisions are holdings to this effect. Of these eight decisions only two are predicated upon independent reasoning of the court. This reasoning, as has been noted, I do not find persuasive. My belief as to the unsoundness of these decisions is strengthened by the decision of Judge Weinfeld in Iafrate v. Compagnie Generale Transatlantique, D.C.S.D.N.Y.1952, 106 F.Supp. 619, in which he reaches the same conclusion. It is noteworthy that Judge Weinfeld is a member of the United States District Court for the Southern District of New York where two of the contrary decisions were rendered."

In The Silverpalm, 9 Cir., 79 F.2d 598, 600, the United States and administrators of deceased officers filed a libel in rem in the district court against the motorship Silverpalm, claiming damages for injury to a Naval vessel and for the death of the officers, alleging negli-

gent navigation on the part of the Silverpalm. On appeal from an order of the district court, the court of appeals held *inter alia* that that part of the order which purported to permit the administrators "to file suit in personam at law" must be reversed in view of 46 U.S.C.A. § 764, which permitted suits under foreign law for such deaths could only be "maintained in an appropriate action in admiralty".

The court also said:

"The United States gives a cause of action against the persons negligently causing death on the high seas and in favor of the personal representative of the decedent, as follows: * * * (quoting 46 U.S.C.A. § 761), and a right of action maintainable in our courts where such right is created by foreign law as follows: [quoting 46 U.S.C.A. § 764]." 79 F.2d at page 599.

Although the precise question was not presented in The Silverpalm, the foregoing strongly indicates an inclination to the view that under and by virtue of the Death on the High Seas Act a claimant such as we have here must maintain his suit for damages in the district courts of the United States in admiralty. Furthermore, the conclusion reached by Judge Goodman in the Wilson case is persuasive and I concur in his views. His opinion also answers plaintiff's contention that the "saving to suitors" clause in 28 U.S.C.A. § 1333 (1) preserves his right to file an action at law. See 121 F.Supp. 94–97.

Plaintiff's reference to Bugden v. Trawler Cambridge, Inc., 319 Mass. 315, 65 N.E.2d 533; Panama R. R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748, and Panama R. R. Co. v. Vasquez, 271 U.S. 557, 46 S.Ct. 596, 70 L.Ed. 1085, does not help here, for the reason that the Jones Act, 46 U.S.C.A. § 688, involved in those cases, seemed to have offered remedies at law or in admiralty, "at his election," whereas such is not the case with respect to the Death on the High Seas Act.

Therefore, the motion to dismiss will be granted without prejudice to the filing of an appropriate suit for damages in admiralty.