**Ruth NOEL, Plaintiff,**

v.

**LINEA AEROPOSTAL VENEZOLANA,**
**Defendant.**

United States District Court
S. D. New York.

Aug. 22, 1956.

Harry Norman Ball, Joseph G. Feldman, Philadelphia, Pa., Lipper, Shinn & Keeley, New York City, Morris L. Weisberg, Philadelphia, Pa., of counsel, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, William J. Junkerman, Douglas B. Bowring, Maurice L. Noyer, New York City, of counsel, for defendant.

CASHIN, District Judge.

Marshal L. Noel was a passenger on an aircraft, owned and operated by the defendant, en route from New York, N. Y. to Caracas, Venezuela, when the aircraft crashed into the ocean causing his death. His widow brought the present suit as a civil action under the federal Death On The High Seas Act, 41 Stat. 537, 46 U.S.C. §§ 761–767, 46 U.S.C.A. §§ 761–767, for death resulting from the wrongful acts, neglect, default and wilful misconduct of the defendant. (Although the complaint does not so state, it is assumed, for the purpose of this motion, that the occurrence giving rise to the action took place, as it must under the federal Death On The High Seas Act,

more than one marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States.) The present motion seeks dismissal of the complaint on the ground that the Court lacks jurisdiction of the subject matter of the suit brought as a civil action and, on the further ground, that the widow is not the proper party plaintiff since the suit must be brought by the personal representative of the decedent.

With the consent of defendant's counsel, the plaintiff, at the argument of the motion, cross-moved for leave to file an amended complaint in the name of the personal representatives of the decedent who had been appointed since the filing of the original complaint setting forth an additional cause of action based on the terms of the "Convention For The Unification of Certain Rules Relating to International Transportation By Air", 49 Stat. Part 2, p. 3000 et seq., commonly called the "Warsaw Convention".

■ Assuming the complaint to be amended as requested, the plaintiff argues that the cause of action under the federal Death On The High Seas Act may be brought as a civil action and that the Warsaw Convention creates a separate cause of action which may be brought as a civil action. Considering first the question of the proper forum for an action based on the Death On The High Seas Act, the Court does not consider the argument of the plaintiff sound. It is true that authority can be found in this and other districts for the proposition that the statute makes available to a suitor the civil forum. See e. g. Choy v. Pan American Airways, Inc., D.C.S.D.N.Y. 1941 A.M.C. 483; Batkiewicz v. Seas Shipping Co., Inc., D.C.S.D.N.Y.1943, 53 F.Supp. 802; Sierra v. Pan American World Airways, Inc., D.C.P.R.1952, 107 F.Supp. 519. However, more recent cases are to the contrary. Iafrate v. Compagnie Generale Transatlantique, D.C. S.D.N.Y.1952, 106 F.Supp. 619; Wilson v. Transocean Airlines, D.C.N.D.Cal. 1954, 121 F.Supp. 85; Higa v. Transocean Airlines, D.C.Hawaii 1954, 124 F.

Supp. 13, affirmed 9 Cir., 1955, 230 F.2d 780. The reasoning in the latter cases is that since no cause of action existed under the general maritime law for wrongful death on the high seas, The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358, a statutory enactment was necessary to create such a cause of action. When the applicable statute utilized the words " * * * may maintain a suit * * * in admiralty * * *", the admiralty forum was made exclusive. With this reasoning the Court agrees.

■ The question remains as to whether the Warsaw Convention creates a new cause of action and whether any such newly created cause of action may be brought as a civil action in the District Court. While there was at first some doubt as to whether the Convention was self-executing to any extent, Choy v. Pan American, supra, there is no doubt at this time that, at least insofar as the Convention creates a rebuttable presumption of liability upon the happening of the accident, Article 17, and a limitation thereof except upon the showing of wilful misconduct, Article 25, that it is self-executing. Virtually all of the reported cases have not considered the question at issue, apparently because the application of the *lex loci delicti*, with the addition of the Convention presumption and limitation mentioned above, afforded the same rights and liabilities as if a separate cause of action were created. It is obvious, however, that the Convention intended to leave much to the law of the forum. Cf. Articles 21, 25(1), 28(2) and 29(2). There has come to the attention of the Court only three reported cases which considered the instant question—two of these are in the New York State Court and the holdings are contradictory—Wyman v. Pan American Airways, Inc., 181 Misc. 963, 43 N.Y.S.2d 420, affirmed 267 App.Div. 947, 48 N.Y.S.2d 459, affirmed 293 N.Y. 878, 59 N.E.2d 785, certiorari denied 324 U.S. 882, 65 S.Ct. 1029, 89 L.Ed. 1432, holding that no separate cause of action was created by the Convention, and Salamon v. Koninklijke Luchtvaart Maatschappij,

N. V., Sup., 107 N.Y.S.2d 768, affirmed 281 App.Div. 965, 120 N.Y.S.2d 917, leave to appeal denied 282 App.Div. 683, 122 N.Y.S.2d 818, reargument denied 282 App.Div. 837, 124 N.Y.S.2d 842, holding that one was. It is not necessary, however, for the Court to consider which of these holdings is sound since the Court of Appeals for the Second Circuit has settled the issue in the case of Komlos v. Compagnie Nationale Air France, 1953, 209 F.2d 436.

The accident giving rise to the Komlos suit occurred on the Island of San Miguel, Azores, Republic of Portugal. The Convention concededly was applicable. Decedent's mother received a notice of compensation award from the Insurance Company. Subsequently both the Insurance Company and the decedent's sister, as administratrix of his estate, instituted suit based on the wrongful death. The District Court for the Southern District of New York, S.D.N.Y.1952, 111 F.Supp. 393, at pages 401–402, held that the Warsaw Convention applied but that it created no substantive cause of action, at least so long as the *lex loci delicti* provided such a cause, and that the cause of action was assigned, by operation of New York law, to the Insurance carrier because suit had not been instituted by the beneficiary of the compensation award within the time limited. The Court of Appeals reversed the latter holding on the ground that the Portuguese law allows the collection of "moral damages", a concept unknown to law of New York. This portion of the cause of action, it was held, could not have been intended to be assigned, as a matter of New York law, to the Insurance Company. To avoid splitting a cause of action it was held that the entire cause should be brought by the Administratrix. It was thus clearly held that the *lex loci delicti* was to be applied by the District Court even though the Warsaw Convention was applicable.

 It should be noted that the ends the plaintiffs seek to gain by utilizing the civil rather than the admiralty side of the Court are (1) a jury trial; (2) broad-

er discovery proceedings, and (3) the probability of a less expensive litigation proceeding. It is not contended that the admiralty forum would deny to the plaintiffs their substantive cause of action for wrongful death. Nowhere in the Convention is there any language which can be read to assure any of the advantages sought by the plaintiffs.

The motion to dismiss the complaint on the grounds that the Court does not have jurisdiction of the subject matter of the suit as a civil action, is granted. Settle order on notice.