Morris E. Spector, J.
The first, third, fifth and seventh causes of action are brought pursuant to the provisions of title 46 of the United States Code (§ 761 et seep The Federal Death on the High Seas Act). Defendant moves for dismissal of those causes upon the ground that jurisdiction is exclusively in admiralty in the Federal courts. The State of New York had long entertained jurisdiction over maritime torts before the adoption of The Federal Death on the High Seas Act (Dougan v. Champlain Transp. Co., 56 N. Y. 1). The attempted overthrow of that jurisdiction in favor of exclusive Federal jurisdiction must be established by clear evidence of intent to compel exclusive jurisdiction. Congressional intent to vest exclusive jurisdiction of maritime actions in the Federal courts is usually set forth in unmistakable language (Tammis v. Panama R. R. Co., 202 App. Div. 226). While section 2 of article III of the United States Constitution provided that the judicial power of the Federal Groverament shall extend to all cases of admiralty and maritime jurisdiction, yet the Judiciary Act of 1789, as amended (U. S. Code, tit. 28, § 1333) provides *1011 that ‘ ‘ The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.” With respect to the Jones Act (U. S. Code, tit. 46, § 688), it was held in Patrone v. Howlett (237 N. Y. 394, 397): 11 The Jones Act gives a seaman an action at law in place of the common-law remedy reserved to him in addition to his action in rem in admiralty by the Judiciary Act of 1789. Prior to its passage he had the right' to resort to the state courts whenever they were competent to give a remedy. It does not expressly or by necessary implication take away the right to resort to the state courts.” The act under review provides in section 761: “ Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas * * * the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty ”, and in section 767 it is provided: “ The provisions of any State statute giving or regulating rights of action or remedies for death shall not be affected by this chapter ’ ’. The history and the debates upon the proposed bill resulting in the act would demonstrate that the legislators had attempted to enact and to originate a new Federal right without affecting’ such remedies as may have theretofore existed. The matter has been directly passed upon by the Appellate Division of this Department in Elliott v. Steinfeldt (254 App. Div. 739) where State jurisdiction was sustained. To the contrary, the defendant relies on Higa v. Transocean Airlines (230 F. 2d 780, 782, 783, 78A-785). That case was decided in the United States Court of Appeals for the Ninth Circuit, in February, 1956. There it was held that the act ‘ ‘ deprived no state or federal court of a then existing right * * * Even if Congress had not agreed with the interpretation of the proponent of the amendment, we would hesitate to construe the exceptive clause as depriving the states of the then existing jurisdictions shown as exercised in the above cited cases * * * As seen above, the High Seas Act in Section 7, as amended by the Mann proposal, recognized the jurisdiction 6 already possessed ’ in New York to entertain suits for death on the high seas. Hence this case respecting a prior existing right in the state court expresses in its first sentence what we regard as the applicable law here.” The case supports the plaintiffs’ contention that the act, insofar as Federal jurisdiction is concerned, places the actions brought in admiralty, leaving to the States the remedies theretofore available to suitors. Therefore, it clearly appears the *1012 Higa case supports the plaintiffs. Defendant also relies on Noel v. Linea Aeropostal Venezolana (247 F. 2d 677). That case was decided in August, 1957, and arose in the United States Court of Appeals for the Second District. The only issue which that case decided was whether the suitor in the Federal jurisdiction may maintain a suit for damages either at law or in admiralty, and it was determined “ whereas before the Act a party could not sue under federal law for death on the high seas at all, now he may. * * * Whatever the merits and demerits of of the admiralty forum * * * the statutory language and the legislative history are clear. To summarize: the first count fails to state a cause of action under New York law; the second count, under the Federal Death on the High Seas Act, can not be brought on the civil side of the District Court ’ ’. It is clear therefore that case is not clear legal authority for defendant’s position, particularly in the statement that the first count fails to state a cause under New York law. The motion is denied.