■ LAURA B. LEDET, as Administratrix of the Estate of JOSEPH H. LEDET, Deceased, et al., Respondents, v. UNITED AIRCRAFT CORPORATION, Appellant.— Order, entered on July 1, 1960, which denied defendant's motion to dismiss the first, third, fifth and seventh causes of action, unanimously affirmed, without costs to either party. The court is constrained to follow the determination of this court in *Wyman* v. *Pan American Airways* (262 App. Div. 995, same case, 267 App. Div. 947, affd. 293 N. Y. 878) and the determination of the Second Department in *Elliott* v. *Steinfeldt* (254 App. Div. 739). The Federal act, in the case of a death caused by wrongful act upon the high seas, goes only so far as to confer upon the representative of the decedent a " suit for damages in the district courts of the United States, in admiralty." Rights of action and remedies in State courts to recover for such a death are, by the act, stated to be not affected insofar as provision for the same is made by " any State statute ". But here, the plaintiffs, in their respective alleged causes of action for wrongful death, do not purport to rely upon any statute of this State as the basis therefor, expressly pleading that the same are " brought pursuant to the provisions of Title 46, U.S.C. Section 761, et seq." Consequently, but for such determinations in this and in the Second Department, we would hold that these alleged causes of action for wrongful death are not maintainable in this court. Such holding would be in accordance with the recent Federal court decisions which most clearly point out that the language of the Federal act and legislative history (see *Higa* case, cited below) do not authorize a cause of action at law to recover for wrongful death upon the high seas. (*Higa* v. *Transocean Airlines*, 230 F. 2d 780; *Noel* v. *Linea Aeropostal Venezolana*, 247 F. 2d 677, cert. denied 355 U. S. 907; *Wilson* v. *Transocean Airlines*, 121 F. Supp. 85; *Lafrate* v. *Compagnie Generale Transatlantique*, 106 F. Supp. 619. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ. [24 Misc 2d 1010.]

■ EVYAN PERFUMES, INC., et al., Appellants, v. A. E. HAMILTON, Doing Business as A. E. HAMILTON COMPANY, Consultants, Respondent.— Order, entered on March 16, 1960, denying, among other things, plaintiffs' motion to disqualify defendant's former attorneys of record from representing defendant, unanimously affirmed, without costs to any of the parties. Upon the record and upon the statements made in open court by defendant's counsel, defendant and his attorneys are directed not to consult in any manner with defendant's former counsel in connection with this pending lawsuit. Motion for a stay dismissed, having become academic by virtue of the decision of this court herein. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.