Peter C. GROPP III, Arnold D. Pilkington, Rick Q. Dacosta, John P. Hlavacek, and William P. O'Brien, Plaintiffs,

v.

UNITED AIRLINES, INC., a corporation, and Air Line Pilots Association, International, Defendants.

No. 92–1032–Civ–T–17B.

United States District Court, M.D. Florida, Tampa Division.

March 21, 1994.

See also 817 F.Supp. 1558.

942

James J. Cusack, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for plaintiffs.

Peter Wolfson Zinober, Zinober & McCrea, P.A., Tampa, FL, Tom Jerman, O'Melveny & Myers, Los Angeles, CA, for United Airlines.

Robert T. Kofman, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Miami, FL, Babette A. Ceccotti, Cohen, Weiss & Simon, New York City, Kevin Christopher Ambler, Prevatt, Klink, Cohen & Ambler, Tampa, FL, for Air Line Pilots Ass'n, Intern.

## ORDER ON MOTION

KOVACHEVICH, District Judge.

This action is before the Court on the following Motion and Responses:

1. Plaintiffs' motion to amend and supporting memorandum of law, filed September 2, 1993. (Docket No. 44)

2. Defendant's, United Airlines, Inc. (hereafter United), memorandum in opposition to Plaintiffs' motion for leave to amend complaint, filed September 16, 1993. (Docket No. 48)

3. Defendant's, (United Airlines, Inc.) supplemental memorandum in opposition to plaintiffs' motion for leave to amend complaint, filed October 1, 1993. (Docket No. 56)

4. Defendant's, Air Line Pilots Association, International (hereafter ALPA), memorandum in opposition to Plaintiffs' motion for leave to amend complaint, filed September 16, 1993. (Docket No. 49)

5. Defendant's (Air Line Pilots Association, International) supplemental response in opposition to Plaintiffs' motion to amend complaint, filed October 1, 1993. (Docket No. 55) Plaintiffs' reply to Defendants' memoranda in opposition to Plaintiffs' motion to amend complaint, filed November 16, 1993. (Docket No. 57)

## Facts

On July 24, 1992, Plaintiffs filed their initial complaint (for permanent injunction and other relief) seeking recovery based upon allegations of: Breach of Duty of Fair Representation (Count I) owed to them under the Railway Labor Act, 45 U.S.C. § 151, et seq.; Tortious Interference with Contracts (Count II); Tortious Interference with Business Relationships (Count III); Breach of Contract (Count IV); and Fraudulent Misrepresentation (Count V).

Plaintiffs subsequently served a copy of their proposed amended complaint along with a motion to amend and memorandum of law on September 2, 1993. The amended complaint would delete the individual Plaintiff, Peter C. Gropp III, and add five additional Plaintiffs, Brian H. Walker, Meryl Getline, Joseph Salomone, Michael S. Custer, and Leonard H. Gieschen. In addition, Master Executive Council for United Airlines (MEC) would be added as a Defendant to Counts I, II, and III. Lastly, Count I (Breach of Duty of Fair Representation) would be deleted, and in its place added a claim pursuant to the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1961, et seq.

Defendants United Airlines, Inc. (United) and Airline Pilots Association, International (ALPA) responded with memoranda in opposition to Plaintiffs' motion. On September 17, 1993, the parties appeared before this Court for a preliminary pre-trial conference. By order dated September 21, 1993, the Court ordered Defendants to supplement their responses to the motion to amend and address the arguments raised at the pre-trial conference. Further, the Court ordered Plaintiffs to file a reply to the responsive pleadings of the Defendants. Both parties complied with the Court's order. Plaintiffs filed only one reply based on their assertion that Defendants' memoranda in opposition to the motion were identical in substance.

Defendants offer substantially similar arguments in their opposition to the proposed amended complaint. Adhering to the notion of judicial economy, this Court will address these arguments concurrently when justice will so allow.

## Discussion

### I. Leave to Amend

The Federal Rules of Civil Procedure govern the amendment of pleadings. In particular, Rule 15(a) provides, in pertinent part, that a party may amend the party's pleading only by leave of court or by written consent of the adverse party. As the Defendants filed responsive pleadings in opposition to the amendment, Plaintiffs filed a motion for leave to amend.

■ The rule goes on to declare that leave to amend "shall be freely given when justice so requires". This standard of liberality is mandated absent any apparent reason to the contrary. The refusal of a federal district court to grant plaintiff leave to amend without any justifying reason appearing for the denial is not exercise of discretion by the court, but is an abuse of discretion and inconsistent with the spirit of the Federal Rules. Fed.R.Civ.Pro. 15(a); see generally *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962); *Thomas v. Town of Davie,* 847 F.2d 771, 773 (11th Cir.1988).

### II. Whether Plaintiffs Have Asserted an Entirely New Lawsuit

Defendants, United and ALPA, claim that in amending their complaint, Plaintiffs are proposing an entirely new lawsuit. This Court disagrees. In their amended complaint, the Plaintiffs have dropped their initial claim for Breach of Duty of Fair Representation and replaced it with a claim for RICO. In addition, Peter C. Gropp III, has withdrawn as a Plaintiff from the lawsuit and five new Plaintiffs were joined.

### A. Deleting a Party

The Court first addresses the issues of the deletion and addition of parties to the cause of action. Rule 21 provides in pertinent part

that parties may be dropped or added by order of the court, on motion of any party or of its own initiative, at any stage of the action and on such terms as are just. Fed.R.Civ.P. 21. Plaintiff Gropp is only one of the five fleet qualified pilots whose interests were being addressed in the original complaint. Furthermore, in the amended complaint, five additional fleet qualified pilots are added. The nature of the action is not affected by the absence or presence of Mr. Gropp in the lawsuit. The interests of "fleet qualified pilots" as a group are not eliminated by the deletion of one of these Plaintiffs from the group.

## B. Adding Parties

■ Rule 20 allows all persons to join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. Fed.R.Civ.P. 20. Defendants argue that the five new Plaintiffs cannot possibly join the pending lawsuit because none of them were domiciled in Miami at the time the "grandfather rights" were first discussed and awarded.

In making this assertion, Defendants limit their review of the facts alleged by the Plaintiffs to those pertaining to seniority rights issue. However, in the original complaint there are more facts alleged than just those specifically having to do with the seniority rights of the Plaintiffs. In addition to the facts necessary to support a claim for Breach of Duty of Fair Representation (the seniority rights issue), Plaintiffs also document incidents of harassment and unlawful acts. These are the requisite facts in support of the remaining Counts II–V.

It is important to note that Counts II–V of the Plaintiffs' proposed amendment rely on these *same allegations of harassment and unlawful acts*. The changes in the Plaintiffs' fact summary in the amended complaint relate specifically to the deletion of their claim for Breach of Duty of Fair Representation. In addition, Plaintiffs only add specificity to their original claims of harassment and unlawful acts by citing alleged incidents and

victims of those incidents, including the five additional Plaintiffs. This Court finds the addition of the five additional fleet qualified pilots proper as Plaintiffs assert that these five were victims of the same alleged acts of harassment and unlawful activity as were the original five Plaintiffs. Similarly, as the MEC is the representative body within ALPA as elected by United pilots, it too may be properly added as a party to the action. However, in order to comport with the Federal Rules, the propriety of this addition is contingent upon Plaintiffs' assertion that the claim against Defendant MEC arises out of the same transaction or occurrence as do the claims against the original Defendants to the lawsuit.

## C. Deleting a Count

■ Plaintiffs rely on the case of *Rakestraw v. United Airlines, Inc.*, 765 F.Supp. 474 (N.D.Ill.1991) in their assertion of Count I (Breach of Duty of Fair Representation) in their complaint. In that case, it was held that ALPA had breached its duty of fair representation by repeatedly lobbying United to reverse the seniority order. Id. at 493. However, subsequent to the Plaintiffs filing their complaint, *Rakestraw* was reversed on appeal. *Rakestraw, et al. v. United Airlines, Inc. and Air Line Pilots Association, International*, 981 F.2d 1524 (7th Cir.1992).

Plaintiffs, in their amended complaint, have dropped Count I. Defendants argue that this withdrawal was made both in bad faith and as a dilatory maneuver, citing the denial of Plaintiffs' earlier motion for preliminary injunction as the impetus for Plaintiffs' withdrawal of Count I. However, as the Court is bound to abide by the liberal rules allowing such amendments, Plaintiffs' contentions in support of their proposed amendments must be considered.

Plaintiffs claim that their decision to withdraw Count I was a tactical decision partially based on their obligation to the Court to present only arguments founded on good case law. As the case upon which their claim was asserted had been reversed, there was little chance of success on the merits. The Court finds this a reasonable argument. Even in the case where Plaintiffs originally

insist on a shaky legal position and shift to solid legal theory at the last minute, and the court's valuable time has been consumed in insisting upon this shaky legal theory, in the interest of justice the trial court should construe Plaintiffs revised theory of case as set forth in the memorandum as a motion to amend and should allow the amendment. *Sherman v. Hallbauer,* 455 F.2d 1236, 1242 (5th Cir.1972).

### D. Substituting a Count

■ In their amended complaint, Plaintiffs have substituted a claim for RICO in place of their earlier assertion of Breach of Duty of Fair Representation. *The amended Count I is based upon the same alleged harassment and unlawful acts upon which Counts II–V of the original complaint were based.* In their proposed amendment, Plaintiffs have expanded upon the facts regarding these alleged acts. However, as the Court stated earlier, the enlarged scope of coverage only adds specificity to the alleged acts and does not change their nature or substance. Under *Eastman Kodak Company v. Image Technical Services,* —— U.S. ——, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992), the Supreme Court affirmed the Court of Appeals' denial of a summary judgment where the lower court failed to consider all reasonable theories that *could* have been pled under the evidence. As Plaintiffs' amended claim for relief under RICO arises from the same general conduct as alleged in the initial complaint, it is feasible that this theory could have been pled under the evidence as presented by Plaintiffs under their original cause of action.

Furthermore, even an amendment of a complaint predicated on a new theory which is *inconsistent* with allegations of original complaint is permitted when no prejudice results to opposite party. Fed.R.Civ.P. 8(e)(2), 15; *Aalco Construction Company,* 399 F.2d 516, 519 (10th Cir.1968). Therefore, if Defendants are not prejudiced by the Plaintiffs' assertion of a new theory (RICO) in the case, the amendment should be granted.

### III. Whether Plaintiffs' Amendment Involves Undue Delay, Bad Faith, Dilatory Motive, or Undue Prejudice

If underlying facts or circumstances relied on by Plaintiff may be the proper subject of relief, the Plaintiff ought to be afforded the opportunity to test his claim on the merits and therefore should be permitted to amend his complaint. Leave to amend the complaint should be granted in the absence of any apparent or declared reasons such as undue delay, bad faith, dilatory motive on part of movant, or undue prejudice to the opposing party. Fed.R.Civ.P. 15(a).

### A. Undue Delay

■ Although delay itself is an insufficient ground to deny amendment, if the delay is "undue", the district court may refuse to permit amendment. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230; *Datascope Corp. v. Smec, Inc.,* 962 F.2d 1043, 1045 (Fed.Cir.1992). Defendants argue that the Plaintiffs' filing of the amended complaint more than one year after the filing of the original constitutes undue delay and on this basis leave to amend should be denied. Defendants assert that the allegations relating to harassment and unlawful acts were known to the Plaintiffs at the time of the original filing and that leave to amend should be denied where the movants knew or should have known the facts and theories raised in the amendment at the time of the original pleading.

The Court agrees with Defendants that the Plaintiffs had knowledge of the allegations; Plaintiffs supported Counts II–V of the original complaint with the allegations of harassment and unlawful acts. However, based on the holding in *Eastman Kodak* and other related cases, the Court does not agree that, because the Plaintiffs failed to explicitly state all legal theories upon which claims may be founded, the amendment should be denied. A change of the legal theory of the action cannot be accepted as the test of the propriety of a proposed amendment. *Green v. Walsh,* 21 F.R.D. 15, 19 (E.D.Wis.1957). Plaintiffs do not propose a new suit, nor do they rely on other facts. Instead, Plaintiffs are merely presenting to the Court another theory or cause of action which may exist under the facts. See *Batkiewicz v. Seas*

*Shipping Co.,* 53 F.Supp. 802 (S.D.N.Y.1943) (a complaint under the Jones Act amended to bring the action under the Death on the High Seas Act where Plaintiff is seeking to amend her complaint only to the extent of basing her claim upon an additional statutory provision.) Furthermore, the case upon which Plaintiffs rested their original Count I, *Rakestraw,* was reversed on appeal five months after the initial complaint was filed. In light of this development, the Court does not find Plaintiffs' delay in filing "undue".

### B. Bad Faith or Dilatory Motive

■ Defendants offer prior case developments as proof of Plaintiffs' bad faith in amending their complaint: First, in a Report and Recommendation dated August 28, 1992, Plaintiffs' motion for preliminary injunction was denied. This Court subsequently adopted the Magistrate's ruling. Second, when the Seventh Circuit reversed the lower court's decision in *Rakestraw,* Plaintiffs lacked the case law to support their claim of Breach of Duty of Fair Representation. Defendants assert that in response to these events Plaintiffs' reconstructed a case in which the primary focus would be the alleged harassment and unlawful acts. Defendants cite the similarities between Plaintiffs' new complaint and a Colorado case. See *Fry, et al. v. Air Line Pilots Association, et al.,* Case No. 91–C–427 (D.Colo.). The Court does not find the Plaintiffs' motion to amend dilatory in motive. Not only is this Plaintiffs' first amended complaint (complaint provided by Defendants from *Fry* is a third amended complaint), but Plaintiffs have the right to amend in an attempt to present to the Court their most meritable claims.

### C. Prejudice

■ Leave to amend should be denied if granting the amendment would be unduly prejudicial to the non-moving party. Fed. R.Civ.P. 15(a). Defendants argue that the addition of the RICO claim to the lawsuit would vastly expand the nature of the lawsuit and require extensive discovery. We agree with Defendants that the Federal Rules should be construed in order to secure the just, speedy, and inexpensive determination of every action. *Wilk v. American Medical*

*Association,* 635 F.2d 1295, 1299 (7th Cir. 1980). However, this Court does not construe this as a mandate which sacrifices the just resolution of actions in order to comport with a notion of efficiency. This Court also disagrees that there would be no disadvantage in the Plaintiffs filing a new lawsuit as a means to address their additions to the suit. Even without regard to the rights of the Plaintiffs to amend their complaint according to a liberal standard as stated in the Federal Rules, a second case on the Court's docket involving claims which arise out of the same transactions or occurrences and which allege the same facts is a detriment in that it defeats the Court's ability to manage its docket in a most efficient manner.

Defendants' argument based on their assertion that expansive discovery would be required does not convince the Court that the Plaintiffs' amendment is unduly prejudicial. The Court suggests the collaborative use of discovery materials as a method of achieving the just, speedy, and inexpensive determination of every civil action. Furthermore, the sharing of discovery materials may further goals by eliminating time and expense involved in "re-discovery". Fed. R.Civ.P. 1, 26; *Wauchop v. Domino's Pizza, Inc.,* 138 F.R.D. 539, 546 (N.D.Ind.1991). The issues in the Plaintiffs' amended complaint are substantially similar to those raised by Plaintiffs in the companion *Fry* case. Moreover, the Defendants there are identical to those in the Plaintiffs amended complaint. Therefore, in an effort to avoid prolonged time and additional expense to the parties, this Court suggests the use of the discovery materials available to them. Lastly, because the facts in the Plaintiffs' amended Count I is founded upon the same facts as alleged in the original Counts II–V, the need for additional discovery is not persuasive as undue prejudice as Defendants should have already been prepared to conduct discovery relating to these claims.

Based on the liberal standard for amendments as mandated by the Federal Rules of Civil Procedure and the absence of undue delay, bad faith, dilatory motive, or undue prejudice, this Court finds that Plaintiffs'

motion to amend should be granted. Accordingly, it is

**ORDERED** that Plaintiffs' motion to amend complaint (Docket No. 44) be **granted;** the Clerk of the Court be **directed** to file the proposed amended complaint; and the defendants **shall have** ten (10) days from the date of this order in which to answer the amended complaint.

**DONE and ORDERED.**