Opinion
 

 YEGAN, J.
 

 Anthony J. Chromy, administrator of the Estate of Ronald Allan Chromy, appeals from a defense judgment after a jury rejected his maritime wrongful death and survivor claims based on the Death on the High Seas Act (46 U.S.C. § 761 et seq.; DOHSA). We vacate the judgment and order the action dismissed because the trial court had no subject matter jurisdiction to try either claim. We reject appellant’s argument that
 
 Moragne
 
 v.
 
 States Marine Lines
 
 (1970) 398 U.S. 375 [26 L.Ed.2d 339, 90 S.Ct. 1772]
 
 (Moragne),
 
 and
 
 Offshore Logisitics, Inc.
 
 v.
 
 Tallentire
 
 (1986) 477 U.S. 207 [91 L.Ed.2d 174, 106 S.Ct. 2485]
 
 (Tallentire),
 
 here permits the trial court to exercise concurrent subject matter jurisdiction.
 

 Decedent, Ronald Chromy, fell from respondents Charles and Mary Jane Lawrance’s 27-foot sailboat, the Scherzo, during an overnight yacht race from Santa Barbara to Redondo Beach. The accident occurred 12 nautical miles southeast of Anacapa Island, more than 3 nautical miles from any state shoreline, i.e., on the high seas. Respondents radioed a “May Day” signal but were unable to give the United States Coast Guard acórrate ship coordinates because of a defect in their Loran navigation system. The Coast Guard search and rescue team never found decedent.
 

 Decedent’s heirs and estate filed a DOHSA wrongful death claim and a survivor claim under general maritime law. Liability was predicated on theories of unseaworthiness and negligence. Appellant claimed that respondents’ failure to deploy a rescue buoy, competently crew the ship, or give the Coast Guard accurate coordinates breached the maritime duty to rescue decedent.
 

 
 *952
 
 Respondents filed a general demurrer challenging the court’s subject matter jurisdiction. The demurrer was overruled. Respondents did not seek relief by way of a writ. Following a nine-day trial, the jury returned a defense verdict on negligence (nine-three) and unseaworthiness (twelve-zero).
 

 In his opening brief, appellant attacked the judgment on several substantial grounds. Respondent, content with the jury verdict, did not raise the issue of subject matter jurisdiction. We raised the issue sua sponte and asked the parties for briefing.
 
 (Bachis
 
 v.
 
 State Farm Mutual Auto. Ins. Co.
 
 (1968) 265 Cal.App.2d 722, 724 [71 Cal.Rptr. 486]; Gov. Code, § 68081.)
 

 “Lack of jurisdiction in its most fundmental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties. [Citation.]”
 
 (Abelleira
 
 v.
 
 District Court of Appeal
 
 (1941) 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715]; see also 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 9, p. 374.) “[W]here a court is wholly lacking in jurisdiction of the subject matter of an action, jurisdiction may not be conferred by consent, waiver, agreement, acquiesence, or estoppel. [Citations.]”
 
 (Schlyen
 
 v.
 
 Schlyen
 
 (1954) 43 Cal.2d 361, 375 [273 P.2d 897].)
 

 DOHSA is codified as 46 United States Code section 761 et seq. Section 761 states: “Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent’s wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued.”
 

 Section 7 of DOHSA (46 U.S.C. § 767) contains a “jurisdictional savings” clause which states in part that, “the provisions of any State statute giving or regulating rights of action or remedies for death shall not be affected by this act. . . .”
 

 DOHSA provides a uniform federal remedy for wrongful deaths occurring more than a marine league (three miles) from shore.
 
 (Moragne, supra,
 
 398 U.S. at p. 398 [26 L.Ed.2d at p. 355]; see also 1 Norris, Law of Maritime Personal Injuries (4th ed. 1990) § 6.5, p. 317; 6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 1200, p. 636.) “DOSHA does not include a survivial provision authorizing recovery for pain and suffering before death.”
 
 (Tallentire, supra, 477
 
 U.S. at p. 215, fn. 1 [91 L.Ed.2d at p. 184].)
 

 
 *953
 
 DOSHA jurisdiction attaches to “the site of an accident on the high seas, not to where death actually occurs or where the wrongful act causing the accident may have originated. [Citations.]”
 
 (Bergen
 
 v.
 
 F/V St. Patrick
 
 (9th Cir. 1987) 816 F.2d 1345, 1348.) “[F]or purposes of federal law, California’s territorial claims in the coastal channels and straits are limited to three-mile belts off the mainland shore and surrounding the coastal islands. [Citations.]”
 
 (People
 
 v.
 
 Weeren
 
 (1980) 26 Cal.3d 654, 665 [163 Cal.Rptr. 255, 607 P.2d 1279];
 
 Hooker
 
 v.
 
 Raytheon Co.
 
 (S.D. Cal. 1962) 212 F.Supp. 687, 693-694.)
 

 DOHSA provides that wrongful death claims arising from maritime accidents on the high seas “may” be maintained in federal court. The use of the word “may” has generated confusion and debate in the decisional law since DOHSA’s enactment in 1920. The issue is whether DOHSA preempts, i.e., supersedes, state remedies and subject matter jurisdiction. The United States Supreme Court resolved part of the debate by holding that DOHSA establishes a uniform federal remedy for deaths occurring on the high seas. In dicta, the Supreme Court noted that DOHSA was intended to preserve a state’s existing subject matter jurisdiction over maritime deaths.
 
 (Moragne, supra,
 
 398 U.S. at pp. 400-402 [26 L.Ed.2d at pp. 355-357];
 
 Tallentire, supra, 477
 
 U.S. at p. 230 [91 L.Ed.2d at pp. 194-195].)
 

 In
 
 Moragne
 
 a longshoreman died in Florida territorial waters. The court discussed the problem of state concurrent jurisdiction by noting that “[t]he general understanding was that the statutes of the coastal States, which provided remedies for deaths within territorial waters, did not apply beyond state boundaries. This Court had suggested, in an early case where the plaintiff and defendant were of the same State, that the law of that State could be applied to a death on the high seas,
 
 if the State intended its law to have such scope.
 
 [Citation.] However, probably because most state death statutes were not meant to have application to the high seas, this possibility did little to fill the vacuum.” (398 U.S. at p. 393, fn. 10 [26 L.Ed.2d at pp. 352-353], italics added.)
 

 In
 
 Tallentire
 
 two drilling platform workers were killed in a helicopter crash 35 miles off the Louisiana coast on the high seas. Invoking a “Reverse-Erie” doctrine, the court required that state “substantive remedies afforded by the States conform to governing federal maritime standards. [Citations.]” (477 U.S. at p. 223 [91 L.Ed.2d at p. 190].)
 
 Tallentire
 
 held that DOHSA remedies preempted a state’s wrongful death remedies where DOHSA applied.
 
 (Id.,
 
 at p. 232 [91 L.Ed.2d at p. 196].) Thus, Louisiana state law which allowed recovery for nonpecuinary loss was preempted by DOHSA. Decedent’s heirs could not recover damages for nonpecuniary loss.
 
 (Id.,
 
 at p. 220 [91 L.Ed.2d at p. 188]; see also 14 Wright & Miller, Federal Practice and
 
 *954
 
 Procedure (1991 supp.) § 3672, pp. 154-155.)
 
 Tallentire
 
 concluded that the jurisdictional savings clause found in section 7 of DOHSA “bears a marked similarity to the ‘saving to suitors’ clause that allows litigants to bring in personam maritime actions in state courts.” (477 U.S. at p. 222 [91 L.Ed.2d at p. 189].)
 

 The “savings to suitors” clause is found in The Judiciary Act of 1789 and states the district courts of the United States “. . . shall also have exclusive original cognizance of all civil cases of admiralty and maritime jurisdiction . . . saving to suitors, in all cases, the right of a common law remedy where the common law is competent to give it . . . .” (28 U.S.C. § 1333.)
 

 “The common law remedy saved to suitors is the right to proceed in personam against the defendant wherever the common law is competent to give a remedy. Stated another way, one who holds an in personam claim enforceable by a complaint in personam in admiralty, can bring suit at his election in a common law court
 
 provided that the jurisdictional requirements of the latter court are met
 
 and the remedy sought is one which the common law court had concurrent jurisdiction with admiralty at the time of the adoption of the Constitution.” (1 Norris, Law of Maritime Personal Injuries,
 
 supra,
 
 § 5.16, p. 290, italics added.)
 

 DOHSA actions may only be tried in state courts if the state’s wrongful death statute applies to deaths on the high seas.
 
 “Tallentire
 
 has now clearly established that section 7 of DOHSA expressly provides that claims governed by the substantive provisions of DOHSA may be brought in state court, with state wrongful death statutes providing the jurisdictional basis for exercise of saving clause jurisdiction by the state courts. . . .” (Clark,
 
 Removability of High Seas Death Claims Filed In State Court After Tallentire,
 
 12 Tul. Mar. L.J. 317, 333-334.) “[S]tate wrongful death statutes will continue to operate as a procedural mechanism allowing for invocation of state court jurisdiction.”
 
 (Id.,
 
 at p. 336.)
 

 Analogies to the wrongful death statutes of other states, such as Florida
 
 (Moragne),
 
 Louisiana
 
 (Tallentire),
 
 or New York
 
 (Safir
 
 v.
 
 Compagnie Generale Transatlantique
 
 (E.D.N.Y. 1965) 241 F.Supp. 501, 507-508), are inapposite to the California wrongful death statute. (Code Civ. Proc., § 377.) The scope and territorial reach of California’s wrongful death statute is a matter of state law.
 
 (Curry
 
 v.
 
 Fred Olsen Line
 
 (9th Cir. 1966) 367 F.2d 921, 923.)
 

 Code of Civil Procedure section
 
 377
 
 does not expressly deal with wrongful deaths occurring outside the State of California. No reported California
 
 *955
 
 case has suggested that the territorial reach of the statute extends to deaths on the high seas. “We find nothing in Code of Civil Procedure, section 377, indicating that it was intended to have any extraterritorial effect. [Citation.]”
 
 (Gordon
 
 v.
 
 Reynolds
 
 (1960) 187 Cal.App.2d 472, 477 [10 Cal.Rptr. 73].)
 
 Cairl
 
 v.
 
 Boeing Co.
 
 (1974) 39 Cal.App.3d 137, 139-140 [113 Cal.Rptr. 925], rejected the notion that
 
 Moragne
 
 expands the jurisdiction of a California court. So do we. We also observe that DOHSA subject matter jurisdiction may not be premised on the vessel’s registry or a tortfeasor’s residency.
 
 (Wilson
 
 v.
 
 Transocean Airlines
 
 (N.D.Cal. 1954) 121 F.Supp. 85, 88, 98.)
 

 Appellant contends that the Probate Code section 573 survivor claim constitutes an independent basis for state court jurisdiction. We disagree. No reported California case has suggested that such a claim extends to deaths on the high seas. As indicated, “DOHSA does not include a survival provision authorizing recovery for pain and suffering before death.”
 
 (Tallantire, supra,
 
 477 U.S. at p. 215, fn. 1 [91 L.Ed.2d at p. 184].) While not determinative, we note that other jurisdictions have held' that state survivor claims are preempted by federal maritime law.
 
 (Evich
 
 v.
 
 Morris
 
 (9th Cir. 1987) 819 F.2d 256, 257-258;
 
 Neal
 
 v.
 
 Barisich, Inc.
 
 (E.D.La. 1989) 707 F.Supp. 862, 866-867, fns. 5 & 6.)
 

 Appellant is estopped by his verified complaint which alleges the trial court “. . . has jurisdiction to hear this action by virtue of Section 7, the ‘Saving to Suitors’ clause, of the Death on the High Seas Act, 46 U.S.C. 761
 
 et seq.”
 
 “The so-called ‘saving to suitors’ clause . . . (‘saving to suitors in all cases all other remedies to which they are otherwise entitled’) is of no help to appellant. There is no other remedy to which [he] is otherwise entitled.”
 
 (Gordon
 
 v.
 
 Reynolds, supra,
 
 187 Cal.App.2d at p. 479.)
 

 Because the death occurred on the high seas, we hold that the trial court had no subject matter jurisdiction to try the wrongful death and survivor claims.
 
 (Touhey
 
 v.
 
 Carnivale Cruise Lines
 
 (1980) 111 Cal.App.3d 958, 960 [168 Cal.Rptr. 910];
 
 Cairl
 
 v.
 
 Boeing Co., supra,
 
 39 Cal.App.3d at p. 139;
 
 Gordon
 
 v.
 
 Reynolds, supra,
 
 187 Cal.App.2d at p. 478;
 
 Wilson
 
 v.
 
 Transocean Airlines, supra,
 
 121 F.Supp. at p. 98;
 
 Berry
 
 v.
 
 Pacific Sportfishing, Inc.
 
 (9th Cir. 1967) 372 F.2d 213, 215 [discussing the multifaceted meaning of the term “jurisdiction”].)
 

 Nothing in
 
 Miller
 
 v.
 
 Municipal Court
 
 (1943) 22 Cal.2d 818, 851 [142 P.2d 297], relied upon by appellant, compels a contrary result. There, the court said: “[Considering the intent of the framers of the Constitution, the acts of the early Congresses, and the provisions of article VI establishing the supremacy of federal law, it seems clear that a state court, otherwise competent to exercise jurisdiction over the subject-matter, the parties, and
 
 *956
 
 the amount in controversy, must assume jurisdiction of an action created by federal law enacted pursuant to a legitimate federal function, regardless of whether or not that action be considered either as penal or as furthering the governmental interest.” Here, the California courts are not “. . . otherwise competent to exercise jurisdiction over the subject-matter. . . .”
 

 Appellant’s DOHSA action should have been filed in federal rather than state court. He has the procedural right to refile the action in federal court on the theory the statute of limitations was tolled pending dismissal of the state action.
 
 (Berry
 
 v.
 
 Pacific Sportfishing, Inc., supra,
 
 372 F.2d 213, 215.)
 

 Because of the jurisdictional defect we vacate the judgment and order the trial court to dismiss the action. Each side to bear their own costs on appeal.
 

 Stone (S. J.), P. J., and Gilbert, J., concurred.