662 So.2d 999 (1995)
Marie M. HUGHES, Personal Representative of the Estate of Ira Bloom, deceased, on behalf of Marc Bloom, surviving son of the decedent, Appellant,
v.
UNITECH AIRCRAFT SERVICE, INC., a Florida Corporation; Felix P. Gil, Inc., and Merl, Inc., a foreign corporation, Appellee.
No. 94-2981.
District Court of Appeal of Florida, Fourth District.
November 8, 1995.
*1000 Arnold R. Ginsberg of Perse, P.A. & Ginsberg, P.A. and Ratiner & Glinn, P.A., Miami, for appellants.
John S. Andrews of Taylor, Brion, Buker & Greene, Ft. Lauderdale, for appellees.
KLEIN, Judge.
The issue presented by this appeal is whether a Florida state court has jurisdiction over an action for wrongful death when the death occurs on the high seas. The trial court concluded that there is no jurisdiction based on a Florida appellate court decision; however, we conclude that a later United States Supreme Court decision controls and therefore reverse.
In Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986), the Supreme Court held that state courts have jurisdiction to entertain claims arising out of the Federal Death on the High Seas Act, 46 U.S.C.App. § 761 et seq. (DOHSA). Tallentire resolved conflicting views reflected in Bailey v. Carnival Cruise Lines, Inc., 448 So.2d 1090 (Fla. 3d DCA 1984), in which the third district adopted federal and state court decisions which held that state courts did not have jurisdiction to entertain DOHSA actions. Judge Schwartz dissented, believing that the contrary view was more well reasoned.
The trial court apparently felt bound to apply Bailey; however, in Tallentire the Supreme Court concluded that the jurisdictional savings clause in section 7 of DOHSA (46 U.S.C.App. § 767), which provides that the provisions of state statutes "giving or regulating rights of action or remedies for death shall not be affected by this chapter ...," is similar to the "savings to suitors" clause which permits in personam maritime actions in state courts (28 U.S.C. § 1333). Id. 477 U.S. at 223, 106 S.Ct. at 2494). The Court further explained in Tallentire:
The "savings to suitors" clause leaves state courts competent to adjudicate maritime causes of action in proceedings in personam and means that "a state, `having concurrent jurisdiction, is free to adopt such remedies, and to attach to them such incidents, as it sees fit' so long as it does not attempt to [give in rem remedies or] make changes in the `substantive maritime law.'" ... Stated another way, the "saving to suitors" clause allows state courts to entertain in personam maritime causes of action, but in such cases the extent to which state law may be used to remedy maritime injuries is constrained by a so-called "reverse-Erie" doctrine which requires that the substantive remedies afforded by the states conform to governing federal maritime standards. (Citations omitted).
Tallentire, 477 U.S. at 223, 106 S.Ct. at 2494.
In Moragne v. States Marine Lines, Inc., 398 U.S. 375, 393, n. 10, 90 S.Ct. 1772, 1784, n. 10, 26 L.Ed.2d 339 (1970), which the Court relied on in Tallentire, the Court had said that a state statute "... could be applied to a death on the high seas, if the State intended its law to have such scope."
Appellee, recognizing that Bailey has been overruled by Tallentire, does not argue that state courts do not have jurisdiction to determine DOHSA claims, but rather that Florida's wrongful death statute does not authorize the bringing of a DOHSA action. In that regard, appellee urges us to follow Chromy v. Lawrance, 285 Cal. Rptr. 400, 233 Cal. App.3d 1521 (2d Dist. 1991), in which the court held that California's wrongful death statute did not authorize actions where the death occurred on the high seas.
*1001 As in the present case, the death in Chromy occurred beyond a maritime league (three nautical miles) from shore, making DOHSA applicable, and plaintiff sued in state court seeking the remedies provided in DOHSA. The California Court of Appeal, relying on Tallentire and Moragne, recognized that state courts have jurisdiction of DOHSA claims, with the following limitations:
DOHSA actions may only be tried in state courts if the state's wrongful death statute applies to deaths on the high seas. "Tallentire has now clearly established that section 7 of DOHSA expressly provides that claims governed by the substantive provisions of DOHSA may be brought in state court, with state wrongful death statutes providing the jurisdictional basis for exercise of saving clause jurisdiction by the state courts... ." (B. Clark, "Removability of High Seas Death Claims File In State Court After Tallentire," 12 Tulane Maritime Law Journal (1988) 317, 333-334.) "[S]tate wrongful death statutes will continue to operate as a procedural mechanism allowing for invocation of state court jurisdiction." (Ibid. at p. 336).
Chromy, 285 Cal. Rptr. at 402.
After observing that the territorial reach of California's wrongful death statute was a question of state law, Curry v. Fred Olsen Line, 367 F.2d 921, 923 (9th Cir.1966), the Chromy court concluded that California's wrongful death statute did not encompass deaths occurring outside of the state, since prior California decisions had construed California's wrongful death act as having no "extraterritorial effect." Chromy, 285 Cal. Rptr. at 403. Although we agree with the Chromy court's analysis of Moragne and Tallentire, we reach a different result because Florida's wrongful death statute does have extra-territorial effect.
Prior to its amendment in 1972, Florida's wrongful death statute, section 758.01, began: "Whenever the death of any person in this state shall be caused by the wrongful act... ." This portion of the statute was amended in 1972 so that it now begins, in section 768.19, Fla. Stat. (1993): "When the death of a person is caused by the wrongful act, negligence... ." Appellee recognizes that the statute does not now require that the death have occurred in Florida, but nevertheless argues that it is not broad enough to authorize a claim when the death occurs on the high seas. Appellee cites no authority for this argument, which is not surprising to us, since it would not be logical to distinguish between a claim arising out of a death in another state or country, and a death occurring several miles off Florida's shore.
We therefore conclude that Florida state courts do have jurisdiction over DOHSA claims, although, as appellant acknowledges, Florida's wrongful death statute remedies are preempted by the remedies authorized by DOHSA. Tallentire, 477 U.S. at 232, 106 S.Ct. at 2499.
Reversed.
POLEN and PARIENTE, JJ., concur.