[No. E034556. Fourth Dist., Div. Two. Feb. 14, 2005.]

STEVEN BECKETT et al., Plaintiffs and Appellants, v.
MASTERCRAFT BOAT COMPANY, Defendant and Respondent.

**COUNSEL**

Welebir & McCune, James F. Tierney III; Lascher & Lascher and Wendy Cole Lascher for Plaintiffs and Appellants.

Snell & Wilmer, Richard A. Derevan, Randolph T. Moore and Marc L. Turman for Defendant and Respondent.

**OPINION**

**GAUT, J.—**

### 1. Introduction

Fifteen-year-old Stacy Beckett died of carbon monoxide poisoning while riding in a 1988 MasterCraft boat on the Rio Hardy River in Baja California. Her parents and brother sued the boat owner and operator and settled for $100,000. They also sued defendant MasterCraft Boat Company. The court granted MasterCraft's summary judgment motion and plaintiffs appeal.

██ The question presented is whether the federal Death on the High Seas Act (the Act) (46 U.S.C. Appen. § 761 et seq.) provides the exclusive remedy by which plaintiffs may recover for Stacy's death or whether they may recover damages under California's wrongful death statute. (Code Civ. Proc., § 377.60.) Central to this issue is whether a 14-mile inland Mexican river is the "high seas" as defined by the Act. We conclude the Act provides the exclusive remedy for wrongful death occurring in foreign waters and pre-empts any state law remedy.

## 2. Discussion

█ A de novo appellate standard of review applies to an order granting summary judgment where there are no disputed facts. De novo review is also used " 'to determine the soundness of a trial court's resolution of the meaning of a statute, as entailing a pure question of law.' (*Camarillo v. Vaage* (2003) 105 Cal.App.4th 552, 560 [130 Cal.Rptr.2d 26].)" (*Noel v. River Hills Wilsons, Inc.* (2003) 113 Cal.App.4th 1363, 1368 [7 Cal.Rptr.3d 216].)

Section 761(a) of the Act provides "whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued."

█ When the Act applies, it is an exclusive remedy that preempts state wrongful death claims and limits recovery to pecuniary losses. (*Garofalo v. Princess Cruises, Inc.* (2000) 85 Cal.App.4th 1060, 1075 [102 Cal.Rptr.2d 754].) In the present case, plaintiffs were precluded from further recovery because their $100,000 settlement exceeded their pecuniary loss of $1,700.

The Rio Hardy is located south of Mexicali in the Mexican state of Baja California. The Hardy contributes to the Colorado River before the latter empties into the Gulf of California. Plaintiffs argue the Hardy is not the "high seas" under the Act because it is a Mexican inland river and not international waters. According to plaintiffs, the phrase "high seas" "conjures expanses of ocean, not landlocked rivers." For example, in another context the United States Supreme Court has called "high seas" " '*international waters not subject to the dominion of any single nation.*' " (*In re Air Crash Off Long Island, New York* (2000) 209 F.3d 200, 210, quoting *Louisiana Boundary Case* (1969) 394 U.S. 11, 23 [22 L.Ed.2d 44, 89 S.Ct. 773].)

█ Although this characterization of "high seas" may be superficially appealing, it is not how the statute has been interpreted by federal and state courts. Instead, the courts broadly construe "high seas," as used in the Act, to encompass all waters that are not United States territorial waters.

In 1920, Congress passed the Act "to provide a uniform and effective wrongful death remedy for survivors of persons killed on the high seas" where previously there was no remedy. (*Offshore Logistics, Inc. v. Tallentire* (1986) 477 U.S. 207, 214 [91 L.Ed.2d 174, 106 S.Ct. 2485]; *In re Air Crash Off Long Island, New York, supra,* 209 F.3d 200, 203; *Garofalo, supra,* 85 Cal.App.4th at p. 1071.) As was recognized in the *Long Island* case, courts have long struggled with the meaning of "high seas" depending on the particular circumstances involved. (*Long Island, supra,* at pp. 205–212.) *Long Island*, involving the crash of TWA Flight 800 eight nautical miles off the coast of Long Island, New York, concluded that the courts have generally interpreted "high seas" to mean international waters. About the application of the Act to foreign territorial waters, the court said: "Obviously, we are not faced here with a wrongful death claim arising out of an accident in the territorial waters of a foreign nation. We take no position on what courts should do when faced with the difficult question of whether to apply [the Act] in foreign territorial waters, where plaintiffs might otherwise be left with only foreign remedies in foreign courts." (*Long Island, supra,* at p. 212.)

In the present case, we are confronted with the difficult question previously identified in *Long Island*: a wrongful death claim arising out of an accident in Mexican territorial waters. Having reviewed the relevant cases, it appears likely the Act applies here. Even if the Act does not apply, plaintiffs could not use California law to recover.

■ The weight of authority supports MasterCraft's assertion that the Act applies and preempts state remedies. As discussed by the Ninth Circuit in *Howard v. Crystal Cruises, Inc.* (9th. Cir. 1994) 41 F.3d 527, 529–530, the meaning of "high seas" in the Act is almost universally interpreted to mean both international waters and foreign territorial waters, including a Venezuelan lake, a Peruvian river, and an Indian river. (*Sanchez v. Loffland Bros.* (5th. Cir. 1980) 626 F.2d 1228, 1230 & fn. 4; *Cormier v. Williams/Sedco/Horn Constructors* (E.D.La. 1978) 460 F.Supp. 1010, 1011–1012; and *Osorio v. Waterman S.S. Corp.* (La.Ct.App. 1990) 557 So.2d 999, 1003–1005.) For purposes of the Act, even an inland Mexican river may properly be considered to be the high seas.

■ Plaintiffs' effort to use other legal definitions of "high seas" fails. Plaintiffs offer no legal reason or other justification why the Public Resources Code, section 36103; the Public Utilities Code, section 211; or the International Regulations for Preventing Collisions at Sea (33 U.S.C. §§ 1601–1608)

should be used to define "high seas" in the Act. As the United States Supreme Court has cautioned, words and phrases do not always share the same meaning: " 'The tendency to assume that a word which appears in two or more legal rules, and so in connection with more than one purpose, has and should have precisely the same scope in all of them, runs all through legal discussions. It has all the tenacity of original sin and must constantly be guarded against.' Cook, 'Substance' and 'Procedure' in the Conflict of Laws, 42 Yale L.J. 333, 337 (1933)." (*General Dynamics v. Cline* (2004) 540 U.S. 581, 595, fn. 8 [157 L.Ed.2d 1094, 1110, 124 S.Ct. 1236, 1246].) "High seas" in the Act has been differently interpreted than the definitions used in other laws.

■ Plaintiffs' reliance on legislative history also fails. As the parties acknowledge, the Act establishes a legal remedy where no domestic remedy exists. That is what occurred here. Plaintiffs have no California right of action for wrongful death under Code of Civil Procedure section 377.60. The statute "does not expressly deal with wrongful deaths occurring outside the State of California. No reported California case has suggested that the territorial reach of the statute extends to deaths on the high seas. 'We find nothing in Code of Civil Procedure, section 377[.60], indicating that it was intended to have any extraterritorial effect. [Citation.]' (*Gordon v. Reynolds* (1960) 187 Cal.App.2d 472, 477 [10 Cal.Rptr. 73].)" (*Chromy v. Lawrance* (1991) 233 Cal.App.3d 1521, 1526–1527 [285 Cal.Rptr. 400].)

Plaintiffs are not assisted by *Yamaha Motor Corp., U.S.A. v. Calhoun* (1996) 516 U.S. 199 [133 L.Ed.2d 578, 116 S.Ct. 619]. That case involved a water-skiing death occurring in the United States territorial waters of Puerto Rico, not foreign waters or the "high seas," as defined by the Act. The Act therefore was not applicable in those circumstances.

■ Here the Act applies and provides plaintiffs' remedy: "[T]here is nothing inherently absurd with the notion of an American court applying American law to an action filed by an American plaintiff against an American defendant, particularly when the law in question was expressly designed to cover wrongful deaths occurring outside the territorial boundaries of the United States." (*Howard v. Crystal Cruises, Inc., supra,* 41 F.3d at p. 530.)

Unfortunately, the Act limits plaintiffs' damages to less than the amount they have recovered in settlement. The occasional vagaries of the law operate in this situation to circumscribe plaintiffs' remedy.

### 3. Disposition

We affirm the judgment.

McKinster, Acting P. J., and Ward, J., concurred.

Appellants' petition for review by the Supreme Court was denied June 8, 2005. Kennard, J., was of the opinion that the petition should be granted.